# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>KELLY DEAN EGELHOFF,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18CR313DAK<br><br>Judge Dale A. Kimball |

       This matter is before the court on Defendant's Objection to Order Denying Defendant's Motion for Leave to Review the Complainant's Mental Health History and For Mental Health Evaluation of the Complainant. On May 21, 2019, the court held a hearing on Defendant's objection. At the hearing, Defendant was represented by Mary C. Corporon and the United States was represented by Carlos A. Esqueda. The court took the objection under advisement. This court has reviewed Defendant's objection and the law and facts relevant to his motion. Being fully advised, the court issues the following Order.

       Defendant is charged with Abusive Sexual Contact under 18 U.S.C. § 2244(b) for alleged sexual contact without the other person's permission while on an aircraft. After the allegedly abusive sexual contact occurred, the alleged victim was interviewed at the airport and a nurse performed a sexual assault examination. The "Sexual Assault Examination" states that the alleged victim has current medical problems, including depression, anxiety, and PTSD, and takes Fluoxetine and Lorazepam PRN.

Because of this information in the sexual assault examination, Defendant seeks the alleged victim's mental health records and to conduct an independent mental health evaluation of the alleged victim. Magistrate Judge Furse denied Defendant's request in an Order dated April 19, 2019. Magistrate Judge Furse found that the requested mental health records are privileged, Defendant has not shown a waiver of the privilege, and Defendant failed to meet his burden of showing the relevance of the records in this case.

The court fully agrees with Magistrate Judge Furse's analysis with respect to the alleged victim's depression and anxiety and the medications she takes for those conditions. A witness's mental health records are generally only deemed relevant when a witness has a mental condition that would impair his or her ability to perceive or to recall events or to testify accurately. *United States v. Robinson*, 583 F.3d 1265, 1272 (10th Cir. 2009) (quoting *United States v. Butt*. 955 F.2d 77, 82-83 (1st Cir. 1992)). "The fact of insanity or mental abnormality [of a witness] either at the time of observing the facts which he reports in his testimony, or at the time of testifying, may be provable, on cross-examination or by extrinsic evidence, as bearing on credibility." *Sinclair v. Turner*, 447 F.2d 1158, 1162 (10th Cir. 1971). There is no indication that the alleged victim's mental health conditions are severe or would impact her credibility. The nurse conducting the sexual assault examination indicated that the alleged victim did not appear to have any physical or mental impairment and that she spoke calmly and with appropriate eye contact throughout the exam. Defendant can cross-examine the alleged victim regarding her mental health history, but there is no indication that her mental health records relating to depression and anxiety, or the medications she takes for those conditions, would be necessary. The court also agrees with the Magistrate Judge's denial and analysis of Defendant's request to conduct an independent mental

health evaluation of the alleged victim.

However, as discussed at oral argument, the crux of Defendant's request focuses on the alleged victim's report of PTSD. Defendant's expert witness, Dr. Beall, provided a statement that PTSD can distort someone's perception of events if the person is "triggered" by something that resembles an aspect of the original traumatic experience. Defendant acknowledges that there is no indication of what the original traumatic event was or how it might relate to this case. It is also unknown if a health care professional has actually diagnosed the alleged victim with PTSD. However, to the extent that the past traumatic event may involve a prior sexual assault, Defendant contends that the information may be relevant.

The United States argues that Defendant's rights are preserved by the opportunity to cross-examine the alleged victim regarding the PTSD. In *United States v. Hargrove*, the Tenth Circuit explained that a defendant's right to confrontation is a trial right, it is preserved by providing a defendant with an opportunity for effective cross-examination, and it does not extend to requiring the government to disclose mental health records of a witness which are not in its possession. 382 Fed. Appx. 765, 775 (10th Cir. 2010). The court stated that "[i]f such a right does exist, it would stem from the Due Process Clause, not the Confrontation Clause." *Id.* However, the court did not discuss the defendant's due process rights to mental health records of a witness because the defendant had waived the issue by failing to raise due process. Defendant in this case has raised the due process issue, albeit with no citation to any authority.

While cross-examination will preserve Defendant's Sixth Amendment confrontation rights, the court has concerns regarding Defendant's due process rights. If the government is aware of the traumatic event that is the basis for the alleged victim's PTSD and that traumatic event involves a

prior incident of sexual assault, the government should disclose that fact to Defendant prior to trial. Under *Brady v. Maryland*, 373 U.S. 83 (1963), the United States has an affirmative duty to turn over to Defendant information known to the government that might reasonably be considered favorable to Defendant's case. "[T]he Brady duty extends to impeachment evidence as well as exculpatory evidence." *Youngblood v. West Virginia*, 547 U.S. 867, 869 (2006). "[A]nd *Brady* suppression occurs when the government fails to turn over evidence that is 'known only to police investigators and not to the prosecutor.'" *Id.* at 870 (quoting *United States v. Kyles*, 514 U.S. at 438 ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.")).

Given Dr. Beall's opinion regarding PTSD's potential impact on a person's perception of events, evidence that the alleged victim's prior traumatic event was a sexual assault could be favorable to Defendant's ability to cross-examine her about whether her PTSD was triggered and her perception of the events. Defendant should not be left to discover the basis of the PTSD and its potential relevance to the case during cross-examination of the witness while the government is fully prepared with the information prior to trial. The court, however, does not believe that the government has a duty to turn over general information regarding the alleged victim's PTSD if it is not relevant to the present case. If the traumatic event underlying the alleged victim's PTSD is unrelated to sexual assault, the alleged victim's privacy interests prevail over any due process concerns. The court is willing to do a preliminary *in camera* review of any information prior to disclosure if the alleged victim's PTSD is related to sexual assault.

Accordingly, the court grants Defendant's motion in this limited respect. In all other respects, the court affirms the Magistrate Judge's April 19, 2019 Order.

DATED this 22nd day of May, 2019.

        BY THE COURT

        _____
        DALE A. KIMBALL
        United States District Judge